Lynn, J.,
concurring specially. I write separately to make explicit what I take to be implicit in section 11(B) of Justice Conboy’s opinion. I agree that, in the case of a pass-through entity like a limited partnership, it makes sense to impose upon the limited partner, here the husband, the burden of demonstrating that expenses claimed by the partnership are reasonable and necessary for the production of income. To the extent that the limited partner is unable to sustain this burden, reported expenses may not be used to offset the limited partner’s reported gross income from the partnership. However, consistent with the core principle that the basis for determining an obligor’s child support obligation must be the income available to pay child support, in the case of a limited partner who establishes that he or she does not have control over the management of the partnership, I do not understand the court to suggest that the income *447 attributed to the limited partner can exceed the total of the amount actually distributed to the limited partner or used for his or her personal benefit during the period in question. Based on this understanding, I concur in the court’s decision.